## LEEK MILLING CO. v. LEWIS D. LANGFORD.

1. CONTRACTS. *Ability to perform. Breach.*

> In a suit for breach by defendant of a contract containing mutual and interdependent covenants the plaintiff cannot recover unless he were able to perform his covenants.

3. SAME. *Damages. Proximate and natural.*

> A plaintiff in a suit for breach of a contract can only recover such damages as are the natural and proximate result of defendant's default.

FROM the circuit court of Covington county.

HON. JOHN R. ENOCHS, Judge.

Langford, appellee, was plaintiff in the court below; the Leek Milling Company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The declaration alleges: That in November, 1901, plaintiff and defendant entered into a contract whereby plaintiff was to furnish one shingle machine, with saws and other enumerated attachments, and the defendant company was to furnish one with attachments; the two to be combined, and defendant to furnish the power to operate the machinery, the timber, sheds, and other material; plaintiff to operate the machinery, and pay the laborers to run it; defendant to pay plaintiff 50 cents per thousand for all shingles manufactured; the agreement to last for one year. That defendant failed and refused to perform its

part of the contract. The demand is for expenses incurred in setting up the machinery, and for loss of time, loss on machinery purchased, and expenses caused by the breach of the contract, and for material furnished.. The plaintiff's evidence was to the effect that he had performed his part of the contract, and was ready and able to perform it at any and all times, and that defendant had failed and refused to perform its part of the contract.. For defendant there was evidence that plaintiff owed part of the purchase money on the machinery owned by him, and that it was levied upon and taken from him, and, although he purchased another machine, it was also soon seized in the same way. The court gave the following instructions for plaintiff, to which defendant excepted:

1. "If the jury believe from the evidence that L. D. Langford, plaintiff, and the Leek Milling Company, defendant, entered into the contract as set out in the declaration, and that plaintiff was ready and willing to perform, and did make preparation to perform, said contract, or his part thereof, but that he was prevented from performing his part by the said Leek Milling Company, said plaintiff can recover all damages suffered by him by reason of the default of said Leek Milling Company, including all necessary expenses incurred in making such preparation."

2. "The court instructs the jury that if they believe that plaintiff contracted with the Leek Milling Company for the purpose of manufacturing shingles, and that plaintiff did perform, and was at all times ready and willing to do and perform, his part of said contract, but that defendant refused so to do, defendant is liable for such damages as have been proven to their satisfaction from the evidence."

*R. D. Cooper* and *Alexander & Alexander*, for appellant.

When we look to the instructions the errors are too patent to need discussion. The first instruction is erroneous, because not founded on the facts. There is no proof that the defend-

ant prevented plaintiff from performing his contract. The only proof is that he declined to sign a contract in a certain form. Plaintiff's own testimony shows that he voluntarily left and made no demand on the defendant for performance. The instruction permits the recovery of all damages suffered by reason of the default, without regard to whether they were remote or proximate, certain or speculative. The second instruction excludes all question of ability of plaintiff to perform his contract however willing he may have been to do it. He cannot complain if he was not at any time in a position to be able to perform it.

*Williams & May* and *R. L. Dent,* for appellee.

Testimony showing that appellee had complied with his part of the contract was submitted to the jury. Testimony by appellant was submitted to the jury to show that appellee was unable to perform, and, therefore, did not perform his part of the contract. Upon this conflict of evidence the jury decided in favor of appellee. Testimony was also submitted to the jury showing failure on the part of appellant to comply with its part of the contract, which was denied by appellant and its witnesses. This conflict of evidence was also decided in favor of appellee by the jury. In short, performance of said contract was prevented by negligence and default of appellant. These issues of fact were to be determined by the jury, and this court should not disturb its finding thereon.

If performance of said contract was prevented by the Leek Milling Company appellee should be compensated in damages to the extent of making him whole. *Friedlander* v. *Pugh,* 43 Miss., 111; *Robertson* v. *Cloud,* 47 Miss., 208.

WHITFIELD, C. J., delivered the opinion of the court.

The instructions given for the appellee in this case are erroneous in failing to predicate the appellee's right to recover upon his being able or in a condition to perform the covenants

on his part contained in the contract, and in not advising the jury that the only damages that could be awarded were those which were the natural and proximate results of defendant's failing to perform the covenants on its part, if it did so fail to perform them. There is very much in the evidence to suggest that the fact that the machinery bought by the appellee was levied upon and taken from him, from time to time, because he failed to pay the purchase money, was itself the reason of the contract going to pieces. He must have been financially able to perform his covenants. The covenants in this contract were mutual and interdependent. Appellee could only hold defendant to compliance by showing that he had himself fulfilled the covenants on his part.. This he was not in a condition to do, if it be the fact that as fast as he got the machinery it was taken away from him by the vendors, because of his failure to pay. We think the instructions omitted this necessary qualification, and they are clearly too broad in not restricting the damages as stated above.

*Reversed and remanded.*